## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION
## LONDON

**CRIMINAL ACTION NO. 6:21-CR-32-CHB-HAI**

**UNITED STATES OF AMERICA**                                                      **PLAINTIFF**

**V.**              **STANDARD OF REVIEW BRIEFING AND ARGUMENT**

**PATRICK BAKER**                                                             **DEFENDANT**

\* \* \* \* \*

On June 22, 2021, the Court ordered the parties brief the following issues: (1) the standard of review under the Bail Reform Act for considering additional information; (2) limited argument on the testimony presented on June 22, 2021; and (3) evidence of drug testing during pretrial release from 2014 through 2017.

**I.**      **Standard of Review Under the Bail Reform Act for Considering Additional Information Concerning Pre-trial Detention**

Following a release order from Magistrate Judge Ingram, the United States sought review of that order by the District Court under 18 U.S.C. § 3145(a)(1). [D.E. 27] The United States also requested that the evidentiary hearing be reopened pursuant to 18 U.S.C. § 3142(f)(2) so that the Court could consider the statement of Dawn Turner that she and the Defendant regularly used oxycodone together during the Defendant's previous period of pretrial release. After an initial hearing on the matter, this Court directed the parties to address the question of what standard applies for considering whether to reopen a detention hearing.

Having further reviewed the caselaw concerning the applicable standards of review under the Bail Reform Act, the United States submits that 18 U.S.C. § 3142(f)(2) does not govern this question. As this Court has previously noted, § 3142(f)(2) allows for reopening a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." [D.E. 29: Order (quoting 18 U.S.C. § 3142(f)(2))] However, § 3142(f)(2)'s provision for reopening detention hearings applies only to requests for reopening hearings *before the judicial officer who conducted the hearing* – i.e., in this case, Magistrate Judge Ingram. *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003) ("By its terms, [§ 3142(f)(2)] applies to reconsideration of a detention or release order by the same judicial officer who entered the initial order."); *United States v. Patterson*, Crim. No. 13-137, 2013 WL 5375438, at *2 (E.D. La. Sept. 24, 2013) (same); *United States v. Cannon*, 711 F. Supp. 2d 602, 606 (E.D. Va. 2010) (same); *United States v. Luisa*, 266 F.Supp.2d 440, 447 n. 3 (W.D.N.C. 2003) (same).

In contrast, 18 U.S.C. § 3145(a) governs a district court's review of a magistrate judge's release order. That statute allows the government to file "with the court having original jurisdiction over the offense a motion for revocation of the order or amendment of the conditions of release." 18 U.S.C. § 3145(a). Although § 3145 does not prescribe a standard of review for the district court to apply to a magistrate judge's order of release or detention, district courts within the Sixth Circuit have generally followed the national

trend of other circuit and district courts in applying *de novo* review. *See, e.g.*, *United States v. Crane*, Crim. No. 5:15-005-DCR, 2015 WL 4424957, at *2 (E.D. Ky. July 17, 2015) (applying *de novo* review); *United States v. Watkins*, Crim. No. 13-02-KSF, 2013 WL 614252, at *3 (E.D. Ky. Feb. 19, 2013) (applying *de novo* review and noting "most district courts in the Sixth Circuit have" done the same); *United States v. Smith*, No. 5:20-CR-2-TBR, 2020 WL 3066623, at *2 (W.D. Ky. June 9, 2009) ("While the Sixth Circuit has not adopted a specific standard under which a magistrate judge's detention order should be reviewed, [courts] within the Sixth Circuit have used the de novo standard.") (citation and internal quotation marks omitted); *United States v. Corona*, No. 3:05-CR-148, 2007 WL 624332, at *1 (E.D. Tenn. Feb. 22, 2007) ("When a district court reviews an order of detention by a magistrate judge, review is de novo.") (citing *Cisneros*, 328 F.3d at 616 n.1); *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127-30 (S.D. Ohio 2000) (concluding that the structure and legislative history of the Bail Reform Act supports the majority view of *de novo* review); *see also, e.g.*, *United States v. Koenig*, 912 F.2d 1190, 1191–92 (9th Cir. 1990) (finding *de novo* review proper standard); *United States v. Delker*, 757 F.2d 1390, 1394 (3d Cir. 1985) (same); *United States v. Fortna*, 769 F.2d 243, 249–50 (5th Cir. 1985) (same).

Applying *de novo* review, district courts have discretion to consider additional information to what the parties presented to the magistrate judge. *See, e.g.*, *Koenig*, 912 F.2d at 1193 (district judge may hold additional evidentiary hearing to aid in performance of *de novo* review); *Fortna*, 769 F.2d at 250 (district court can consider record before the magistrate judge "and the additional evidence adduced before it"); *Delker*, 757 F.2d at

1393-94 (same); *United States v. Boyd*, 29 F. Supp. 3d 658, 659 (E.D.N.C. 2014) (same); *United States v. Zellars*, Crim. No. 6:07-08-DCR, 2007 WL 1309575, at *12 (E.D. Ky. May 1, 2007), rev'd in part on other grounds, 334 F. App'x 742 (6th Cir. 2009) (reviewing *de novo* the testimony presented to magistrate judge "and the additional evidence presented at the hearings held [before the district judge]"); *United States v. Messino*, 842 F. Supp. 1107, 1109 (N.D. Ill. 1994) ("it is within the district court's discretion to hear evidence additional to that heard by the magistrate judge"); *United States v. Boado*, 835 F. Supp. 920, 921 (E.D. Tex. 1993) (same); *United States v. Shaker*, 665 F. Supp. 698, 704 (N.D. Ind. 1987) ("After reviewing the existing case law, the court finds that in exercising its authority under § 3145(b), the decision whether to hold an oral hearing and receive additional evidence rests in the court's discretion."); *United States v. Allen*, 605 F. Supp. 864, 867 (W.D. Pa. 1985) (allowing "parties to supplement the record with additional 'information'").  Thus, this Court has discretion to consider Dawn Turner's statements as part of its *de novo* review of Magistrate Judge Ingram's release order, without regard to § 3142(f)(2)'s requirement that the new information presented was previously unknown to the movant and material to the question of release or detention.

      The Court may exercise its discretion to consider this pertinent evidence. Magistrate Judge Ingram largely based his release order on the Defendant's purported unblemished performance while on home incarceration pending trial in state court.  [D.E. 20:  Order at PageID# 61 ("The key risk to manage is a return to dangerous drug use and deadly violence that may result. The total lack of evidence of any recent misbehavior

following a three-and-a-half-year period on home incarceration with no reported violations favors expecting compliance with strict conditions so as to sufficiently mitigate that risk."). Turner's statement about the Defendant's continued abuse of oxycodone during this period of home incarceration is directly relevant to the foundation of the release order. Having a fuller picture of the Defendant's history and characteristics, including his history relating to drug abuse, *see* 18 U.S.C. § 3142(g)(3), will better inform this Court in discharging its duty to ensure that its decision on detention or release will reasonably assure the safety of any other person and the community.

II.     **Ms. Turner's Information is Material to the Issue of Detention and the Safety of the Community**

As stated on June 22, 2021, in preparation for the Defendant's detention hearing the government reviewed the information gathered by the U.S. Probation Office, communicated with the Commonwealth's Attorney's Office, reviewed the Defendant's 2017 Presentence Report, as well as the over 1,000 pages of discovery in the case.[1] No where in the government's review did anyone note any pretrial release violations by the Defendant. The government furthermore had access to Ms. Turner's prior statements to law enforcement. [Govt. Ex 1-3] Nowhere in any of Ms. Turner's prior statements did she mention anything about the Defendant's drug use on pretrial release. [Govt. Ex 1-3] Apparently, Ms. Turner also wrote a letter to former Governor Bevin on July 4, 2018. [Def. Ex 1] In this letter, she never mentions anything about the Defendant's drug use.

---

[1] As noted by defense counsel, the discovery is voluminous and includes the entirety of the Commonwealth's original investigation.

Ms. Turner testified that prior to June 14, 2021, she had never told anyone about the Defendant's drug use on pretrial release.

 The government made the strategic decision not to approach witnesses until the Defendant was in federal custody, with the exception of Christopher Wagner and Elijah Messer, both of whom were in state custody and had federal defense counsel appointed. This strategic decision was made because the Defendant had access to substantial family resources and there was a fear he would flee if he suspected an impending federal indictment. On May 30, 2021, the Defendant was taken into custody. On June 14, 2021, Dawn Turner was interviewed. The summary of Ms. Turner's interview consists of 15 paragraphs, one of which deals with the Defendant's prior drug use. [Govt Ex 2] The FBI and ATF went through Ms. Turner's prior statements and collected additional details regarding the days surrounding Donald Mills's murder. [Govt Ex 2]

 For the first time on June 14, 2021, Ms. Turner disclosed that the Defendant used Xanax and oxycodone during his previous period of pretrial release. Ms. Turner stated that she remembered seeing the Defendant begin abusing oxycodone when they were Christmas shopping in the winter of 2014.[2] Ms. Turner also testified she used oxycodone with the Defendant and became addicted. She testified that the two used oxycodone daily and substituted with Suboxone when they could not afford oxycodone pills. Ms. Turner testified that she ultimately ended up in rehabilitation and has been sober since 2019. Ms.

---

[2] Ms. Turner testified that the Defendant resided in her residence during his second period of pretrial release.

Turner testified that she cared for the Defendant and still cares for the Defendant, hence the plea to Governor Bevin.

The government has two negative drug tests for the Defendant. [Ex 1] One was conducted on June 30, 2014 and the other on July 15, 2014. It does not appear that drug testing was a condition of the Defendant's prior state release.

When confronted with this new information, the government had two options. First, sit on what appeared to be material information. Second, disclose it to the Court and defense. Although the timing of the new information is not ideal, the government chose to disclose what it views as material information on the matter of public safety and release. The Court has wide discretion as to whether to consider the information, pursuant to the standard of review explained above. The government intends to continue witness interviews in advance of this summer's trial schedule. Should new information be disclosed that bears upon detention and public safety, the government will alert the Court and defense.

### III. CONCLUSION

For the aforementioned reasons, the United States of America respectfully requests the Court use its discretion to consider Ms. Dawn Turner's testimony. Furthermore, the United States respectfully requests the Defendant be detained pretrial.

Respectfully submitted,

CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

By: /s/ Jenna E. Reed
Assistant United States Attorney
601 Meyers Baker Rd.  Suite 200
London, KY  40741
(606) 864-5523
jenna.reed@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice to counsel of record.

/s/ Jenna E. Reed
Assistant United States Attorney