Eastern District of Kentucky
F I L E D

AUG 2 5 2021

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )
                               )        Criminal Action No. 6:21-CR-032-CHB
v.                             )
                               )
PATRICK BAKER,                 )        **JURY INSTRUCTIONS**
                               )
        Defendant.             )
                               )
                               )

\*\*\*   \*\*\*   \*\*\*   \*\*\*

**Introduction - 1.01**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

Then I will explain the defendant's position.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

1

## INSTRUCTION NO. 1 - 1.02

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during this case. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

2

## INSTRUCTION NO. 2 - 1.03

As you know, the defendant has pleaded not guilty to the crime charged in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

## INSTRUCTION NO. 3 - 1.04

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

4

## INSTRUCTION NO. 4 - 1.05

You are to consider only the evidence in the case. You should use your common sense in weighing the evidence. Consider the evidence in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences, unless otherwise instructed. Any inferences you make must be reasonable and must be based on the evidence in the case.

The existence of an inference does not change or shift the burden of proof from the government to the defendant.

5

## INSTRUCTION NO. 5 - 1.06

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## INSTRUCTION NO. 6 - 1.07

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

(A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

(B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

(C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

(D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

(E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

(F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was

7

inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

(G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## INSTRUCTION NO. 7 - 1.08

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## INSTRUCTION NO. 8 - 1.09

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

**2.01**

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crime charged in the Indictment. Your job is limited to deciding whether the government has proved the crime charged.

Also keep in mind that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proved this defendant guilty. Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 9

The Indictment charges the defendant with unlawfully causing the death of Donald Mills through the use of a firearm during and in relation to a drug trafficking crime, that is, conspiracy to distribute a quantity of pills containing oxycodone.

For you to find the defendant guilty of this crime, you must find that the government has proved each and every one of the following elements beyond a reasonable doubt:

(A)    First: That the defendant knowingly committed the crime of conspiracy to distribute a quantity of pills containing oxycodone, a Schedule II controlled substance, in violation of 21 U.S.C. § 846. Conspiracy to distribute oxycodone is a drug trafficking crime which may be prosecuted in a court of the United States.

(B)    Second: That the defendant knowingly used a firearm.

(C)    Third: That the use of a firearm was during and in relation to the drug trafficking crime of conspiracy to distribute a quantity of pills containing oxycodone, a Schedule II controlled substance.

(D)    Fourth: That the use of a firearm resulted in the unlawful killing of Donald Mills, that is, that the defendant willfully, deliberately, maliciously, and with premeditation and malice aforethought, or in the perpetration of any robbery or kidnapping and with malice aforethought, did unlawfully cause the death of Donald Mills through the use of a firearm.

Now I will give you more detailed instructions on some of these terms.

(A)    To establish "use," the government must prove active employment of the firearm during and in relation to the crime of conspiracy to distribute a quantity of pills containing oxycodone. "Active employment" means activities such as

brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm. "Use" also includes a person's reference to a firearm in his possession for the purpose of helping to commit the crime of conspiracy to distribute a quantity of pills containing oxycodone. "Use" requires more than mere possession or storage.

(B)     The term "firearm" means any weapon which will or is designed to or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon, and any firearm muffler or firearm silencer, and any destructive device. The firearm need not be loaded.

(C)     The term "during and in relation to" means that the firearm must have some purpose or effect with respect to the crime of conspiracy to distribute a quantity of pills containing oxycodone; in other words, the firearm must facilitate or further, or have the potential of facilitating or furthering the crime of conspiracy to distribute a quantity of pills containing oxycodone, and its presence or involvement cannot be the result of accident or coincidence.

(D)     The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

The government need not prove that a particular firearm was used during and in relation to the drug trafficking crime.

## Conspiracy to Distribute Oxycodone

The Indictment alleges that the defendant committed the crime of conspiracy to distribute a quantity of pills containing oxycodone. It is a crime for two or more persons to conspire, or agree, to commit a drug crime, even if they never actually achieve their goal.

A conspiracy is a kind of criminal partnership. For you to find the defendant committed the crime of conspiracy to distribute a quantity of pills containing oxycodone, the government must prove each and every one of the following elements beyond a reasonable doubt:

(A)     First, that two or more persons conspired, or agreed, to distribute a quantity of pills containing oxycodone.

(B)     Second, that the defendant knowingly and voluntarily joined the conspiracy.

Now I will give you more detailed instructions on some of these terms.

(A)     With regard to the first element – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to distribute a quantity of pills containing oxycodone.

(1)     This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

14

(2)    What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to distribute a quantity of pills containing oxycodone. This is essential.

(3)    An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

(4)    The term "distribute" means the defendant delivered or transferred a controlled substance. The term distribute includes the actual or constructive transfer of a controlled substance. The term distribute includes the sale of a controlled substance.

(B)    With regard to the second element – the defendant's connection to the conspiracy – the government must prove that the defendant knowingly and voluntarily joined that agreement.

(1)    The government must prove that the defendant knew the conspiracy's main purpose and voluntarily joined the conspiracy intending to help advance or achieve its goals.

(2)    This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

15

(3)     Further, this does not require proof that the defendant knew the drug involved was oxycodone. It is enough that the defendant knew that it was some kind of controlled substance. Nor does this require proof that the defendant knew how much oxycodone was involved. It is enough that the defendant knew that some quantity was involved.

(4)     But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(5)     A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

You must be convinced that the government has proved all of these elements beyond a reasonable doubt in order to find that the defendant committed the crime of conspiracy to distribute a quantity of pills containing oxycodone.

### Unlawful Killing of Donald Mills

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

(A)   First: That the defendant unlawfully killed Donald Mills.

(B)   Second: That the defendant killed Donald Mills with malice aforethought.

(C)   Third: The killing was premeditated; **or** the defendant killed Donald Mills in the perpetration of a kidnapping or robbery.

Now I will give you more detailed instructions on some of these terms.

(A)   To kill "with malice aforethought" means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life. To find malice aforethought, you need not be convinced that the defendant acted out of spite, hatred, malevolence, or ill will toward the victim. In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument and the manner in which death was caused.

(B)   A killing is "premeditated" when it is the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.

(C)   Robbery and kidnapping are defined below.

You should consider all the facts and circumstances before, during, and after the killing which shed light on the defendant's state of mind, before and at the time of the killing.

### Robbery or Kidnapping

The elements of the crime of Robbery are as follows:

(A)   First, the defendant unlawfully took personal property and/or money from Donald Mills, against his will.

17

(B)     Second, that the defendant did so by actual or threatened force, or violence, or fear of injury, immediately or in the future, to the person.

(C)     Third, that the defendant did so knowingly.

The elements of the crime of Kidnapping are as follows:

(A)     First, the defendant knowingly and willfully kidnapped, abducted, seized, or confined another.

(B)     Second, the defendant held the victim for some reward, benefit, or other reason.

Now I will give you more detailed instructions on some of these terms.

(A)     To "kidnap" a person means to unlawfully hold, keep, detain, and confine the person against the person's will. Involuntariness or coercion in connection with the victim's detention is an essential part of the offense.

(B)     To hold someone for some "reward," "benefit," or "other reason" includes holding a person for the purpose of robbing him.

If you are convinced that the government has proved all of the elements listed in this instruction, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any of these elements, then you must find the defendant not guilty of this charge.

## INSTRUCTION NO. 10 – 2.04

Next, I want to say a word about the date mentioned in the Indictment.

The Indictment charges that the alleged crime happened "on or about May 9, 2014." The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

INSTRUCTION NO. 11 – 2.08

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results. This, of course, is all for you to decide.

## INSTRUCTION NO. 12 – 2.12

Although the Indictment charges that the statute was violated by acts that are connected by the word "and," it is sufficient if the evidence establishes a violation of the statute by any one of the acts charged.  Of course, this must be proved beyond a reasonable doubt.

## INSTRUCTION NO. 13 – 6.01

That concludes the part of my instructions explaining the elements of the crime.  Next I will explain the defendant's position.

The defense says:

Patrick Baker denies all charges against him.

Patrick Baker testified that he never went inside Donald Mills's home.

Patrick Baker testified that he did not conspire or agree with anyone to distribute oxycodone. Rather, Patrick Baker merely attempted to get oxycodone pills for personal use.

Patrick Baker did not conspire or agree with anyone to rob or kidnap Donald Mills.

Patrick Baker is innocent of the charges against him.

**7.01**

That concludes the part of my instructions explaining the elements of the crime and the defendant's position.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

## INSTRUCTION NO. 14 – 7.02B

You have heard the defendant testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the defendant's testimony.

INSTRUCTION NO. 15 - 7.03

You have heard the testimony of Bill Collins (KSP computer examiner), Dwight Deskins (KSP firearm examiner), Eve Eisenbise (ATF firearm examiner), John Eirich (ATF investigative analyst), Samantha Brock (Knox County EMS), Dr. James Adams (emergency room physician), Dr. John Hunsaker (medical examiner), Chris Ritchell (AT&T representative), Detective Bryan Johnson, James Yates (retired arson investigator), Sabrina Christian (KSP forensic lab), and Adriane Lauf (cell phone analyst) who testified as opinion witnesses.

You do not have to accept the witness's opinion. In deciding how much weight to give it, you should consider the witness's qualifications and how he or she reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

### INSTRUCTION NO. 16 - 7.03A

You have heard the testimony of Samantha Brock (Knox County EMS), Dr. James Adams (emergency room physician), Dr. John Hunsaker (medical examiner), and Detective Bryan Johnson, who testified to both facts and opinions.  Each of these types of testimony should be given the proper weight.

As to the testimony on facts, consider the factors discussed earlier in these instructions for weighing the credibility of witnesses.

As to the testimony on opinions, you do not have to accept these witnesses' opinions.  In deciding how much weight to give a witness's opinion, you should consider the witness's qualifications and how he or she reached his or her conclusions along with the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## INSTRUCTION NO. 17 - 7.04

You have heard the testimony of Charlene Mills, Phyllis Mills, Christopher Wagner, Loren Brown, Adam Messer, Lawrence Davis, Elijah Messer, Detective Bryan Johnson, Patrick Baker, and Joshua Spencer. You have also heard that before this trial each of these witnesses made a statement or statements that may be different from his or her testimony here in court.

These earlier statements were brought to your attention only to help you decide how believable the witnesses' testimony was. You cannot use them as proof of anything else. You can only use them as one way of evaluating his or her testimony here in court.

You have also heard the testimony of Elijah Messer. You have also heard that before this trial he made statements that may be different from his testimony here in court.

With the exception of the statement to the effect of "that was one big lie to cover up my other lies," these earlier statements were brought to your attention only to help you decide how believable Elijah Messer's testimony was. You cannot use them as proof of anything else. You can only use them as one way of evaluating his testimony here in court.

You have also heard the testimony of Chris Wagner. You have also heard that before this trial he made statements that may be different from his testimony here in court.

With the exception of the statements that (1) those involved in the robbery never discussed how to split up the "loot" from the robbery and (2) that he did not recall seeing any handcuffs present in Donald Mills's house, these earlier statements were brought to your attention only to help you decide how believable Chris Wagner's testimony was. You cannot use them as proof of anything else. You can only use them as one way of evaluating his testimony here in court.

27

### INSTRUCTION NO. 18 - 7.05B

You have heard the testimony of Elijah Messer, Adam Messer, Christopher Wagner, Lawrence Davis, Nathan Wagoner, and Stephen Hensley. You have also heard that before this trial these witnesses were each convicted of a crime.

These earlier convictions were brought to your attention only as one way of helping you decide how believable the witnesses' testimony was. Do not use it for any other purpose. It is not evidence of anything else.

### INSTRUCTION NO. 19 - 7.06A

You have heard the testimony of Loren Brown. You have also heard that she received money for a cell phone from the government in exchange for providing information. You have also heard the testimony of Joshua Spencer. You have also heard that he received money from the government in exchange for providing information.

The use of paid informants is common and permissible. But you should consider these witnesses' testimony with more caution than the testimony of other witnesses. Consider whether their testimony may have been influenced by what the government gave them.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe their testimony beyond a reasonable doubt.

## INSTRUCTION NO. 20 – 7.06B

You have heard the testimony of Nathan Wagoner. You have also heard that he was using controlled substances during the time he testified about, and that he hopes to receive a reduction in his sentence based on his testimony.

But you should consider Nathan Wagoner's testimony with more caution than the testimony of other witnesses. An addict may have a constant need for drugs, and for money to buy drugs, and may also have a greater fear of imprisonment because his supply of drugs may be cut off. Think about these things and consider whether this witness's testimony may have been influenced by these things.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his testimony beyond a reasonable doubt.

## INSTRUCTION NO. 21 - 7.08

You have heard the testimony of Christopher Wagner and Elijah Messer. You have also heard that these witnesses were involved in the same crime that the defendant is charged with committing. You should consider these witnesses' testimony with more caution than the testimony of other witnesses.

You have also heard the testimony of Adam Messer, who may or may not have been involved in the same crime that the defendant is charged with committing. If you believe that Adam Messer was involved in the same crime that the defendant is charged with committing, you should consider his testimony with more caution than the testimony of other witnesses.

Do not convict the defendant based on the unsupported testimony of such a witness, standing alone, unless you believe his or her testimony beyond a reasonable doubt.

The fact that any of these witnesses have pleaded guilty to a crime is not evidence that the defendant is guilty, and you cannot consider this against the defendant in any way.

## INSTRUCTION NO. 22 - 7.12A

During the trial you have seen or heard summary evidence in the form of charts/drawings.  These summaries were admitted in evidence, in addition to the material they summarize, because they may assist you in understanding the evidence that has been presented.

But the summaries themselves are not evidence of the material they summarize, and are only as valid and reliable as the underlying material they summarize.

## INSTRUCTION NO. 23 - 7.17

You have heard some recorded conversations that were received in evidence, and you were given some written transcripts of the recordings.

Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of the recordings, you must ignore the transcripts as far as those parts are concerned.

## INSTRUCTION NO. 24 - 7.21

The government and the defendant have agreed, or stipulated, to certain facts. Therefore, you must accept the following stipulated facts as proved:

1.      Knox County is located in the Eastern District of Kentucky.

2.      Oxycodone is a Schedule II controlled substance.

3.      On May 16, 2014, the Defendant's iPhone (606-524-4278) was recovered from his residence at 23 Alpine Pass, London, KY 40741. On October 10, 2014, the Defendant filed a motion requesting to have the iPhone forensically examined by a defense forensic examiner. On January 13, 2015, the Defendant requested dates to examine the iPhone. The iPhone was password protected and the State did not possess the password. Between January 28, 2015 and February 5, 2015, KSP Det. Bill Collins advised the State that attempting to download the iPhone using an IP Box risked causing the iPhone to reset itself to factory settings. After consultation with the State, Det. Collins was advised to attempt to examine the iPhone with the IP Box. On the fourth attempt to unlock the iPhone, the iPhone reset itself to the factory settings. This rendered the user data inaccessible to any forensic tools.

## INSTRUCTION 25

If you believe from the evidence that there existed data and information on the defendant's iPhone and that agents or employees of the government intentionally or through deliberate indifference destroyed it, you may, but are not required to, infer that the data and information would be, if available, adverse to the United States and favorable to the defendant.

## INSTRUCTION NO. 26

During the trial you heard testimony of witnesses and argument by counsel that the government did not use specific investigative techniques such as additional fingerprint and/or DNA analysis. You may consider these facts in deciding whether the government has met its burden of proof, because as I told you, you should look to all of the evidence or lack of evidence in deciding whether the defendant is guilty. However, there is no legal requirement that the government use any of these specific investigative techniques or all possible techniques to prove its case. There is no requirement to conduct additional fingerprint and/or DNA analysis.

Your concern, as I have said, is to determine whether or not the evidence admitted in this trial proves the defendant's guilt beyond a reasonable doubt.

### INSTRUCTION NO. 27

During the defendant's testimony, you heard numerous out-of-court statements of other individuals. These statements were out-of-court statements that cannot be offered for the truth of the matter asserted.  You are instructed that you may only use these out-of-court statements for the effect they had on the defendant and no other purpose.  Such statements are not evidence of anything else.

## 8.01

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

If you want to see any of the physical exhibits that were admitted in evidence, you may send me a message, and those exhibits will be provided to you.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

## INSTRUCTION NO. 28 – 8.02

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

### INSTRUCTION NO. 29 – 8.03

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

### INSTRUCTION NO. 30 – 8.04

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 31 – 8.05

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 32 -- 8.06

I have prepared a verdict form that you should use to record your verdict.

If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Your foreperson should then sign the form, put the date on it, and return it to me.

## INSTRUCTION NO. 33 -- 8.08

Remember that the defendant is only on trial for the particular crime charged in the Indictment.  Your job is limited to deciding whether the government has proved the crime charged.

Also remember that whether anyone else should be prosecuted and convicted for this crime is not a proper matter for you to consider.  The possible guilt of others is no defense to a criminal charge.  Your job is to decide if the government has proved this defendant guilty.  Do not let the possible guilt of others influence your decision in any way.

## INSTRUCTION NO. 34 – 8.09

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

## INSTRUCTION NO. 35 – 8.10

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids.  You should not give your notes greater weight than your independent recollection of the evidence.  You should rely upon your own independent recollection of the evidence or lack of evidence and you should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case.