UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                    CASE NO. 6:21-CR-32-1-CHB-EBA

PATRICK BAKER                                                                DEFENDANT

### MOTION TO DISMISS AND/ OR LIMIT HIS SENTENCE TO NOT GREATER THAN 19 YEARS IMPRISONMENT

Comes the Defendant, **PATRICK BAKER** (hereinafter "Baker"), by counsel, pursuant to the Fifth, Sixth, and Eighth Amendments to the United States Constitution, and respectfully moves the Court to dismiss the Indictment against him; or in the alternative, to limit the sentence he receives to not greater than 19 years imprisonment. In support of this motion, Baker states as follows:

On July 25, 2014, Baker was indicted in the Knox Circuit Court, docket no: 14-CR-00082, on murder; robbery 1st degree; impersonating a peace officer; tampering with physical evidence; unlawful imprisonment 1st degree; and wanton endangerment 1st degree (4 counts). On November 2, 2017, the jury returned a verdict and Baker was convicted reckless homicide; robbery in the first degree; impersonating a peace officer; and tampering with physical evidence. At his sentencing on December 4, 2017, Baker received a sentence of imprisonment of five (5) years; 12 years; one (1) year; and one (1) year, all consecutive for a total of 19 years imprisonment. On December 6, 2019, Baker was granted a pardon by then Kentucky Governor Matthew Bevin.

On May 27, 2021, a federal indictment was returned in the above case accusing Baker of causing the death of a person through the use of a firearm during the commission of a violation

of 21 U.S.C. §846, conspiracy to distribute a controlled substance, in violation of 18 U.S.C. §924(j)(1). All relevant conduct of the federal indictment was based on the same conduct for which Baker had previously been tried, and pardoned.

In addition to violating Baker's right to be free from being punished twice for the same crimes and conduct, the indictment and charges violates Baker's due process right to be free from a judge and/or a prosecutor punishing him in retaliation for him exercising his constitution right to request and receive a pardon. An unlawful and vindictive prosecution violates Due Process: A judge cannot punish an accused by enhancing his sentence; nor can a prosecutor punish an accused by filing excessive or more severe charges.

In *North Carolina v. Pearce*, 395 U.S. 711 (1969) the Defendant was convicted of assault with intent to commit rape and sentenced to 12 to 15 years imprisonment. Several years later, the defendant obtained a new trial. He was again convicted and sentenced, this time to a term longer than that originally imposed. *Id*. at 713. The United States Supreme Court ruled the defendant's right to due process was violated by the judge imposing a more severe sentence following the defendant's successful appeal of his first conviction. *Id*. at 725. In so ruling, Justice Stewart wrote for the majority:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of vindictiveness may unconstitutionally deter a defendant's exercise of the right of appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of the apprehension of such a retaliatory motivation on the part of the sentencing judge.

Following *Pearce*, subsequent decisions by the Supreme Court, specifically, in *Cotten v. Kentucky*, 407 U.S. 104 (1972) and *Chaffin v. Stynchombe*, 412 U.S. 17 (1973) clarified the Court's ruling, and held that in resentencing situations, specific evidence of vindictive judicial conduct is not required so long as the defendant can point to some objective manifestation of retaliatory behavior. The burden then shift to the prosecutor to show some "objective information

concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing process." *Id*. at 25.

In *Blackledge v. Perry*, 417 U.S. 21 the Court extended the vindictiveness doctrine to prosecutorial misconduct. Blackledge was serving a five to seven year prison sentence in North Carolina when he became involved in a fight with another inmate. He was charged with and convicted of assault and was sentenced to six months to be added to the prison term he was then serving. *Id*. at 22. Perry appealed and received a trial *de novo*. Prior to Perry's trial, the prosecutor obtained a felony indictment for the same conduct for which Perry had been tried and convicted in the lower court. Perry plead guilty to the indictment and received a concurrent five to seven year term of imprisonment. *Id.* at 23. The Supreme Court held that the prosecutor's "upping the ante" violated due process. Expanding their ruling in *Pearce*, the Supreme Court opined that the *Pearce* rational was not grounded upon the requirement that actual retaliatory motivation exist, but rather the deterrent effect the apprehension of vindictiveness has upon a defendant seeking to exercise statutorily guaranteed rights. *Id*. at 28.

In *Thigpen v. Roberts*, 468 U.S. 27 (1984) the Supreme Court, relying heavily on *Blackledge v. Perry*, affirmed dismissal of a prosecution on grounds of prosecutorial vindictiveness. Roberts lost control of his car and struck a pickup truck, killing the truck's passenger. Roberts was charged with, and convicted of four misdemeanors before a Mississippi Justice of the Peace. *Id*. at 28. Roberts exercised his right to appeal to the circuit court for a trial *de novo*. While his appeal was pending, a grand jury indicted Roberts for manslaughter arising out of the same accident. The state withdrew the four misdemeanor charges during the trial. A jury convicted Roberts of manslaughter, and he was sentenced to 20 years in prison. The Mississippi Supreme Court affirmed the conviction. *Id.* at 29. Roberts then sought habeas corpus relief in federal court. The district court reversed on double jeopardy and due process grounds. The Fifth Circuit affirmed based solely on the double jeopardy issue. *Id*. The Supreme

Court noting its earlier ruling in *Blackledge*, found a presumption of vindictiveness, where the prosecutor "ups the ante" in situations where a defendant seeks, and obtains, a new trial or a trial *de novo*. The Court held that the prosecution of Roberts for manslaughter, following his invocation of his statutory right to appeal his misdemeanor convictions, was unconstitutional. *Id*. at 33.

Here the governments excessive prosecution of Baker violates double jeopardy. Further, any attempt by this Court, or the prosecutor to sentence Baker to a term of imprisonment greater than he received during his first trial in the Knox Circuit Court would be presumptively vindictive, and unconstitutionally violate Baker's right to due process of law. Accordingly, this Court should dismiss the indictment against Baker; or in the alternative, limit the sentence he receives to not greater than 19 years imprisonment.

Respectfully Submitted,

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600 (fax)
prenn@600westmain.com

and

/s/ Rob Eggert
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600
reggert@600mainlaw.com

and

/s/ Steven R. Romines
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600
sromines@erominesweisyoung.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2021, I electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve notice of electronic filing to all attorneys of record.

/s/ Patrick J. Renn
Counsel for Defendant